Filed 7/19/22 P. v. Nguyen CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H048263 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. CC247793) |
| v. | |
| NGUYEN LE NGUYEN, | |
| Defendant and Appellant. | |

Nguyen Le Nguyen appeals following the denial of his petition for resentencing under former Penal Code section 1170.95[1] (Stats. 2018, ch. 1015, § 4).[2] The parties agree the trial court should not have denied Nguyen's petition at the prima facie stage of the proceedings. We concur and therefore reverse the trial court's order and remand with directions.

## I. PROCEDURAL BACKGROUND

On March 6, 2003, the Santa Clara County District Attorney filed an information against Nguyen and a codefendant, Nhang Dinh Mai. Nguyen was charged with one count of first degree murder (§ 187; count 1), two counts of attempted first degree murder

---

[1] Unspecified statutory references are to the Penal Code.

[2] Section 1170.95 has been amended and renumbered as section 1172.6. (Stats. 2022, ch. 58, § 10, eff. June 30, 2022; see also Stats. 2021, ch. 551, § 2, eff. Jan. 1, 2022.)

(§§ 664, 187, subd. (a); counts 2 & 3) and one count of shooting at an occupied motor vehicle (§ 246; count 4). With respect to counts 1, 2, 3, and 4, the information alleged that Nguyen committed the offenses for the benefit of a criminal street gang (§186.22, subd. (b)(1)) and that he was a principal in the offense and at least one principal intentionally and personally discharged a firearm (§ 12022.53, subd. (d), (e)(1)). Nguyen was also charged with assault with a deadly weapon (§ 245, subd. (a)(1); count 5), with a gang allegation (§ 186.22, subd. (b)(1)) and an allegation that he personally inflicted great bodily injury on the victim (§§ 12022.7, subd. (a), 1203, subd. (e)(3).)

During the jury selection phase of his trial, on August 12, 2003, Nguyen pleaded guilty. In the plea agreement, the terms of which were recited orally on the record, Nguyen agreed to plead guilty to counts 1, 2, and 3 and admit the gang allegations but not the firearm allegations associated with those counts. Nguyen also agreed to plead guilty to count 5 and to its gang and personal infliction of great bodily injury allegations. Count 4 would be dismissed. Nguyen was to receive a sentence of 25 years to life in the state prison. The parties stipulated that there was "a factual basis contained in the transcript of the preliminary examination for purposes of entry of plea." Pursuant to the plea agreement, Nguyen pleaded guilty to counts 1, 2, 3, and 5 and admitted the gang and great bodily injury allegations. There was nothing placed on the record about the theory of liability for Nguyen's convictions for first degree murder and attempted first degree murder.

On October 3, 2003, the trial court sentenced Nguyen. The court denied probation and sentenced Nguyen to 25 years to life imprisonment on counts 1, 2, and 3 and 17 years on count 5, all sentences to run concurrently. The trial court dismissed counts 4 and the remaining allegations. The court also ordered fines, fees, and restitution. Nguyen appealed but only to challenge the restitution and fines imposed at sentencing. This court found no error in these orders and affirmed the judgment in an unpublished opinion. (*People v. Nguyen* (Mar. 29, 2005, H026960) [nonpub. opn.].)

2

On January 18, 2019, Nguyen petitioned for resentencing under former section 1170.95 by submitting a preprinted form (petition). By checking various boxes, Nguyen alleged he had been charged with an offense that allowed the prosecution to proceed under a felony-murder theory or murder under the natural and probable consequences doctrine, that he pled guilty to first degree murder in lieu of going to trial because he believed he could have been convicted of murder pursuant to the felony-murder rule or the natural and probable consequences doctrine, and that he could no longer be convicted of first or second degree murder because of changes made to sections 188 and 189. Nguyen requested appointment of counsel and checked boxes stating he "was not the actual killer," "did not, with the intent to kill, aid, abet, . . . or assist the actual killer in the commission of murder in the first degree," "was not a major participant in the felony," "did not act with reckless indifference to human life during the course of the crime," and stating that the victim was not a peace officer.

The People opposed Nguyen's petition. In their written opposition, the People submitted a statement of facts that they drew from Nguyen's preliminary hearing.[3] According to the People, Nguyen drove a car from which another person shot at the victim, killing him. The People stated that the police investigation revealed that the killing was planned as part of an ongoing dispute between two groups and was gang related. The People argued that, at the prima facie stage, a section 1170.95 petition "must allege specific facts to substantiate [Nguyen's] claim" that he was convicted of felony murder or murder under a natural and probable consequences theory. The People contended Nguyen's petition was insufficient. The People stated, "There can be no question that at this stage, the burden is on the petitioner not the People, and the petitioner has provided no evidence."

---

[3] The People also submitted a separate opposition in which they argued that Senate Bill No. 1437 (2017-2018 Reg. Sess.) was unconstitutional. The trial court did not reach that issue, and it is not before this court on appeal.

3

Nguyen's attorney filed a reply to the People's opposition. Nguyen argued that his petition made a prima facie showing of entitlement to relief under the statute.

On January 8, 2020, the trial court denied Nguyen's petition. The court stated that Nguyen must put forth "some amount of evidence" at the prima facie stage. The court emphasized that Nguyen had included "nothing that can support the claims factually" in the petition. The court denied the petition for failing to state a prima facie case and dismissed it. Nguyen timely appealed the trial court's order.

## II. DISCUSSION

Nguyen asserts two independent grounds of error in the trial court's denial of his petition. First, Nguyen contends his petition states a prima facie claim of eligibility and nothing in the record establishes as a matter of law his ineligibility for relief. Specifically, Nguyen argues nothing in the record "indisputedly established that [his] act of driving to assist the shooter was done with the intent to kill as opposed to an intent to foster a lesser crime," such as shooting at a vehicle or assault with a firearm. Alternatively, Nguyen asserts his counsel, whom he retained to assist him with the petition after it had been filed, was constitutionally ineffective. Finally, Nguyen asserts he must be permitted to amend his petition in light of changes made to section 1170.95 by Senate Bill No. 775 (2021-2022 Reg. Sess.).

The Attorney General concedes that Nguyen's petition states a prima facie claim of eligibility and nothing in the record demonstrates Nguyen's ineligibility for relief as a matter of law. The Attorney General argues nothing in the record of conviction establishes that Nguyen admitted acting with express or implied malice and notes Nguyen's "stipulation to the preliminary hearing transcript alone as the factual basis for his plea does not establish such an admission." The Attorney General asserts that the record of conviction does not exclude the possibility that Nguyen was "aiding an assault with a deadly weapon" instead of a murder. Therefore, the trial court erred in denying the petition at the prima facie stage. The Attorney General maintains that the appropriate

4

remedy for the trial court's error is for this court to remand the matter for an evidentiary hearing. The Attorney General opposes Nguyen's request that this court direct the superior court upon remand to allow him to file an amended petition because such an order would be premature.

We agree with the parties that Nguyen's petition presented a prima facie showing of relief, and nothing in the record established as a matter of law that he is ineligible for relief under former section 1170.95 (current section 1172.6). (*People v. Lewis* (2021) 11 Cal.5th 952, 970 (*Lewis*).)

As the California Supreme Court has made clear (in an opinion issued after the trial court's order here), "the prima facie inquiry under [section 1170.95,] subdivision (c) is limited. Like the analogous prima facie inquiry in habeas corpus proceedings, ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause." ' [(*People v. Drayton* (2020) 47 Cal.App.5th 965,] 978, quoting Cal. Rules of Court, rule 4.551(c)(1)).) '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' (*Drayton*, at p. 978, fn. omitted, citing *In re Serrano* (1995) 10 Cal.4th 447, 456.) 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' (*Drayton*, at p. 979, quoting *Serrano*, at p. 456.)" (*Lewis*, *supra*, 11 Cal.5th at p. 971.)

Nothing in the record establishes as a matter of law that Nguyen was ineligible for relief. At the prima facie stage, the trial court did not take Nguyen's factual allegations in the petition as true but instead required Nguyen to produce additional evidence. This was error. (*Lewis*, *supra*, 11 Cal.5th at p. 971; see also *People v. Rivera* (2021) 62 Cal.App.5th 217, 235–236, review dism. Jan. 19, 2022, S268405.)

5

Therefore, this matter must be remanded with instructions to issue an order to show case and hold an evidentiary hearing. We note that section 1170.95 has (as of June 30, 2022) been amended and renumbered. (Stats. 2022, ch. 58, § 10.) It now appears at section 1172.6. The provision describing the evidentiary hearing appears at section 1172.6, subdivision (d)(3). It provides:

"At the hearing to determine whether the petitioner is entitled to relief, the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder under California law as amended by the changes to [s]ection 188 or 189 made effective January 1, 2019. The admission of evidence in the hearing shall be governed by the Evidence Code, except that the court may consider evidence previously admitted at any prior hearing or trial that is admissible under current law, including witness testimony, stipulated evidence, and matters judicially noticed. The court may also consider the procedural history of the case recited in any prior appellate opinion. However, hearsay evidence that was admitted in a preliminary hearing pursuant to subdivision (b) of [s]ection 872 shall be excluded from the hearing as hearsay, unless the evidence is admissible pursuant to another exception to the hearsay rule. The prosecutor and the petitioner may also offer new or additional evidence to meet their respective burdens. A finding that there is substantial evidence to support a conviction for murder, attempted murder, or manslaughter is insufficient to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing. If the prosecution fails to sustain its burden of proof, the prior conviction, and any allegations and enhancements attached to the conviction, shall be vacated and the petitioner shall be resentenced on the remaining charges." (§ 1172.6, subd. (d)(3).)

We decide Nguyen in his petition made a prima facie showing that he is entitled to relief, and the trial court erred in not issuing an order to show cause.[4] We reverse the trial

_____

[4] In light of this conclusion, we do not reach Nguyen's claim that he received ineffective assistance of counsel in connection with the proceedings on his petition.

6

court's order denying Nguyen's petition and remand with directions to issue an order to show cause under section 1172.6, subdivision (c), and hold a hearing pursuant to section 1172.6, subdivision (d). Upon remand, the trial court should apply current law in its consideration of Nguyen's petition. We express no opinion about Nguyen's ultimate entitlement to relief following the hearing. (§ 1172.6, subd. (d)(3).)

We decline Nguyen's request that we order the trial court to allow him to file an amended petition. The trial court should decide that question in the first instance under current law. (See § 1172.6, subd. (a).)

## III. DISPOSITION

The trial court's January 8, 2020 order denying Nguyen's Penal Code section 1170.95 petition for resentencing is reversed. The matter is remanded to the trial court with directions to issue an order to show cause (Pen. Code, § 1172.6, subd. (c)) and hold a hearing to determine whether to vacate Nguyen's murder conviction and to recall his sentence and resentence him (Pen. Code, § 1172.6, subd. (d)).

_____

                          Danner, J.

WE CONCUR:

_____

Greenwood, P.J.

_____

Wilson, J.

**H048263**
*People v. Nguyen*